UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RANDOLPH S. KOCH,<br><br>    Plaintiff<br><br>v.<br><br>CHRISTOPHER COX,<br>  Chairman, U.S.Securities<br>  and Exchange Commission,<br><br>    Defendant | Civil Action 06-0656 (PLF)<br><br>RECEIVED<br><br>FEB - 6 2007<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**Plaintiff's Motion for Extension of Time *nunc pro tunc* Through February 9, 2007 to File His Opposition to Defendant's Motion to Dismiss or in the Alternative for <u>Summary Judgment</u>**

Plaintiff respectfully moves that this Court grant an additional four days from February 5, 2007 (yesterday) to file his opposition to Defendant's dispositive motion.

On the evening of February 4, 2007, plaintiff experienced a flare-up of gout arthritis, which made it impossible for him to attend work February 5th and impossible for him to travel downtown to file an extension at the courthouse. The more severe acute episodes often make walking very difficult if not impossible, and travel on public transportation is usually out of the question.

Plaintiff respectfully calls the Court's attention to the complexity of the issues presented in defendant's dispositive motion, given that the defendant seeks complete dismissal or summary judgment on a host of substantive issues, and, in part, doing so by attempting to redefine plaintiff's complaint. For example, defendant has sought to make

a case that plaintiff cannot be the victim of age discrimination because of the age of a comparator that it chooses, not the group of comparators that the plaintiff had identified. The defendant urges that the Court grant the summary judgment motion without consideration of the theories which have always underlay plaintiff's case, such as whether there was disparate impact age discrimination[1] Defendant's dispositive motion seeks to convince the Court that it should grant summary judgment on a matter that is particularly unsuited for summary judgment, given that motive is a central issue. See *Mayfield v. Meese*, 704 F.Supp. 254, 256 n. 5 (D.D.C. 1988), quoting a leading treatise:

> As a general rule, courts generally refrain from granting summary judgment motions when confronted with an inadequate or incomplete record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (consideration of summary judgment motions appropriate only after adequate time for discovery). So too in discrimination suits, a favorable ruling on a summary judgment motion is inappropriate when questions of material fact exist concerning a discriminatory pattern or practice. *McKenzie v. Sawyer*, 684 F.2d 62, 67 (D.D.C.1982); 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2732.2, p. 361 (1983). Cases requiring a determination regarding motive or intentions are particularly unsuitable for summary judgment. 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2732.2, p. 351.)

By reason of defendant having prematurely argued for summary judgment before any discovery has been permitted, plaintiff has had to essentially "fight windmills" by trying to anticipate arguments before they are made or proffer facts based on a very incomplete record. This has protracted plaintiff's task, and has made it more and unreasonably difficult. Further, plaintiff has also had to prepare a separate Rule 56(f) Motion, as well as accompanying Memorandum of Points and Authorities and Affidavit.

---

[1] Recognizing that the viability of such a theory is an open question in this Circuit, plaintiff has prepared arguments in his Memorandum of Points and Authorities urging the court to adopt the theory for federal sector employees under 29 U.S.C. § 633a. As a non-settled issue, it has required substantial research and preparation.

This has all taken substantial, additional time. Further, because of plaintiff's inexperience, he must take longer as he has to figure out what is required and how to do it.

At this point, plaintiff only has to prepare his Rule 56(f) affidavit and do final editing on all the other documents which have already been drafted.

Because plaintiff is working (and can only work on this) during the evening, he has not been able to reach opposing counsel. He does not know if there will be opposition to this motion. Plaintiff will make sure that Plaintiff receives a message notifying her of this motion.

Based on the foregoing, plaintiff Randolph S. Koch respectfully requests that the Court granted the relief requested herein.

Respectfully submitted,

2/06/07
Date

Randolph S. Koch
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814
(O) (301) 656-0645
(H) (301) 551-6984

3

## CERTIFICATE OF SERVICE

Plaintiff Randolph S. Koch hereby certifies under penalty of perjury that he caused a copy of <u>Plaintiff's Motion for Extension of Time *nunc pro tunc* Through February 9, 2007 to File His Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment</u> to be served, by depositing it in first class mail, postage prepaid, on February 6, 2007 upon the following individual:

Marina Utgoff Braswell, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
　　for the District of Columbia
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530

2/06/07
Date

RANDOLPH S. KOCH
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814
(W) 202-551-6984
(H) 301-656-0645

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLPH S. KOCH,<br><br>Plaintiff<br><br>v.<br><br>CHRISTOPHER COX,<br><br>Defendant. | C.A. No. 06-0656 (PLF) |

### ORDER

UPON CONSIDERATION of Plaintiff's Motion for an Enlargement of Time to February 9, 2007 to file his Opposition to Defendant's Motion to Dismiss and For Summary Judgment, it is by the Court hereby

ORDERED *nunc pro tunc* that the motion be and hereby is GRANTED, and plaintiff shall file his Opposition by February 9, 2007.

_____
UNITED STATES DISTRICT JUDGE

Dated:

Copies to:

RANDOLPH S. KOCH
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814

MARINA UTGOFF BRASWELL, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530