## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RANDOLPH S. KOCH,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action 06-0656 (PLF)** |
| ) | |
| **CHRISTOPHER COX,** ) | |
| **Chairman, U.S.Securities** ) | |
| **and Exchange Commission,** ) | **RECEIVED** |
| ) | |
| **Defendant** ) | FEB **1 2** 2007 |
| ) | |
| ) | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

### PLAINTIFF'S RULE 56(f) MOTION

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, plaintiff Randolph

S. Koch respectfully moves this Court for an order denying defendant's pending motion

to dismiss or, in the alternative for summary judgment at this time.

Defendant has filed his dispositive motion "in the alternative" under both Rule

12(b)(6) -- claiming the complaint fails to state a claim upon which relief may be granted

-and Rule 56(c) -- alternatively claiming the existence of undisputed material facts and a

right to judgment as a matter of law. However, as defendant filed evidence in support of

the motion extrinsic to the pleadings (a declaration and fourteen documents), under the

explicit command of Rule 12(b), defendant's motion must "treated as one for summary

judgment and disposed of as provided in Rule 56" -- with plaintiff being "given

reasonable opportunity to present all material made pertinent to such a motion by Rule

56." As no discovery has yet been had in this case - there has not yet been an answer filed

by defendant, much less the filing of a Rule 16.3 joint report from the parties, or a

scheduling conference held, or a scheduling order issued -- under Rule 56(f), the

consideration of a Rule 56 dispositive motion is premature. Therefore, pursuant to

Rule 56(f) and as more fully explained in the attached memorandum of points and

authorities in support of this motion, defendant's dispositive motion must be denied at

this time to be considered only if re-filed after discovery has been concluded.


Respectfully submitted,


2-12-07
Date

RANDOLPH S. KOCH
Plaintiff
7701 Woodmont Avenue, Apt. 807
Bethesda, MD  20814
(O) 202-551-6984
(H) 301-656-0645

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **RANDOLPH S. KOCH,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action 06-0656 (PLF)** |
| | ) | |
| **CHRISTOPHER COX,** | ) | |
| **Chairman, U.S.Securities** | ) | |
| **and Exchange Commission,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF'S RULE 56(f) MOTION**

Defendant Christopher Cox, Chairman, U.S. Securities and Exchange Commission ("SEC"), has filed a motion to dismiss, or, in the alternative, for summary judgment ("motion"). In support of his dispositive motion, defendant submitted one declaration, ten attachments, and apparently four documentary exhibits.

Defendant's dispositive motion seeks dismissal of the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.Proc., for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment pursuant to Rule 56(c), Fed.R.Civ.Proc.

Under the explicit language of Rule 12(b), when dismissal is sought for failure to state a claim upon which relief can be granted on a motion made pursuant to Rule 12(b)(6), and matters outside the pleadings—such as the declaration, exhibits, and attachments submitted by defendant here—are presented in support of the dispositive motion *"the motion shall be treated as one for summary judgment and disposed of as*

*provided in Rule 56, and all parties shall be given reasonable opportunity to present all*

*material made pertinent to such a motion by Rule 56."*

## **Argument**

**1.    Defendant's Summary Judgment Motion is Premature.**

In light of the fact that the parties have not yet even started discovery in this case,

plaintiff's motion under Rule 56(f) must be granted and defendant's dispositive motion

must be denied at this juncture. *See Berkeley v. Home Insurance Co.*, 68 F.3d 1409, 1414

(D.C.Cir. 1995), holding that Rule 56(f) motions are to be granted as a matter of course

unless counsel lacked diligence in pursuing discovery. Indeed, defendant's dispositive

motion urges this Court to decide the merits of plaintiff's Title VII, ADEA, and

Rehabilitation Act discrimination and retaliation claims on the basis of defendant's 14

short documents and one declaration alone, without affording plaintiff any opportunity to

discover facts and develop evidence that bears directly on the claims and issues involved

in the complaint and that are or may be under the exclusive control of defendant and his

subordinate SEC management.

In this regard, it is worth noting that the D.C. Circuit reverses summary judgments

that have been granted before the nonmoving parties have had any opportunity to conduct

discovery. *See e.g., First Chicago Int'l. v. United Exch.Co.*, 836 F.2d 1375 (D.C.Cir.

1988); *Chappell-Johnson v. Powell*, 440F.3d 484, 488-89 (D.C.Cir. 2006). In *First*

*Chicago Int'l*, the Court of Appeals held directly that "it was premature for the district

court to grant summary judgment without first permitting discovery on the merits." 836

F.2d at 1379. As our Circuit recently noted, adequate discovery may obviate the need to

even establish a prima facie case where discovery uncovers direct evidence of

discrimination. *Chappell-Johnson*, 440 F.3d at 488-89. Needless to say the Supreme Court also fully supports allowing discovery before considering a Rule 56(c) motion. In *Celotex v. Catrett*, 477 U.S. 317 (1986), the Court said: "As a general rule, summary judgment is appropriate *only after* adequate time for discovery." 477 U.S. at 322 (emphasis added).

Granting plaintiff's Rule 56(f) motion seeking discovery—and denying defendant's dispositive motion at this juncture—is particularly appropriate in the employment discrimination context. In *Paquin v. Federal National Mortgage Association*, 119 F.3d 23 (D.C. Cir. 1997), for example, the district court entered summary judgment for defendant-employer before the defendant had met its discovery obligations to the plaintiff-employee. 119 F.3d at 28. Because plaintiff in that case needed certain requested documents (.e.g., information underlying the employer's performance evaluations of the employee plaintiff) to effectively oppose the summary judgment motion filed by defendant, the D.C. Circuit reversed the lower court's grant of summary judgment. *Id.* The appeals court in *Paquin*, stating that "the district court erred in not granting [plaintiff's] Rule 56(f) motion," reversed the district court's grant of summary judgment to defendant and remanded the case for discovery and further proceedings below. *Id.*

In *Paquin*, the Court of Appeals reversed the summary judgment where some, but not all, of the discovery had been completed. In the instant case, discovery has not yet even commenced at this point. Thus, there are no grounds for refusing plaintiff's Rule 56(f) motion and granting summary judgment to defendant at this time. The Supreme Court has directly declared that a summary judgment "must be refused where the

3

nonmoving party has not had the opportunity discover information that is essential to his opposition." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986).

Whether proving age discrimination through a disparate treatment theory or through a disparate impact theory, a plaintiff suing under the ADEA is not required to establish a prima facie case at the pleading stage. *Swierkiewicz. v. Sorema, N.A.*, 534 U.S. 506, 510-11 (2002). Neither is an ADEA plaintiff required to defend against a summary judgment motion challenging a prima facie case without first having had the benefit of discovery. "Before discovery has unearthed relevant facts and evidence it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Id.* at 512. Indeed, discovery could possibly reveal direct evidence of intent, foreclosing the need to prove all elements of a circumstantial prima facie case. *Id.* at 511. Furthermore, a disparate treatment claim based on circumstantial evidence presents its own special problems for summary judgment. Since the information relating to state of mind generally is within the exclusive knowledge of one of the litigants and can be evaluated only on the basis of circumstantial evidence, the other parties normally should have an opportunity to engage in discovery before a summary judgment is rendered.

As detailed in the attached signed declaration of Randolph S. Koch (Declaration of Randolph S. Koch), plaintiff needs to conduct discovery concerning the facts pertaining to essential issues in plaintiff's case, including, for example:

4

- the names, grade levels, ages, work experience, academic experience and performance, performance appraisals, nominations of all employees granted or denied participation in the student loan repayment program for 2003.

- the discussions between Frank. J. Donaty, Jr. and any other officials of the agency concerning the nomination of Randolph S. Koch, Kevin Rupert, and any other employees for the student loan repayment program for 2003.

- all documents, discussions and other information related to the review by the Office of Human Resources of the application of Randolph S. Koch for participation in the 2003 program. Who participated in the review? What was the nature of their discussions? Did they review any other applicants whose immediate supervisors denied them? What information was relied on in determining the denial was fair and equitable? What factors were employed in making such a determination?

- What guidelines or criteria were established and disseminated by agency senior management to supervisors to guide them in making nominations or denials of participation? What role did the Executive Director, James McConnell, play? Did he state that selection was supposed to be limited to only employees with a certain length of tenure with the SEC?

- Why didn't the SEC Office of Equal Employment Opportunity investigate Koch's claims that the entire student loan reimbursement program was operated in a discriminatory manner? Why did it only select Kevin Rupert as a single comparator? Why didn't it investigate the role of the Office of Human Resources in reviewing Koch's application?

- The existence of relevant evidence, testimony or documents proffered in the recently-decided arbitration case involving the SEC and the National Treasury Employees Union which found that the cancellation of the PLUS student loan benefits resulted in age discrimination based on disparate impact.

- The identity of potential witnesses, the location and disclosure of key documents, the depositions of potential witnesses concerning facts, documents, conversations and meetings; and

- The exploration of the state of mind of those in SEC management who made the decisions and took the actions challenged in the complaint.

Given the nature of the claims involved in the instant civil action, these factual areas must be explored if plaintiff is to be provided a reasonable opportunity to respond to defendant's efforts to have this case dismissed on its merits. In short, this is precisely the situation envisioned by the drafters of Rule 56(f), and plaintiff's motion under that rule must be granted and, accordingly, defendant's current dispositive motion must be denied.

## II.    Plaintiff Must Be Permitted Discovery to Obtain *Reeves* Evidence of Pretext.

Moreover, neither this Court nor plaintiff is required to accept defendant's assertions of fact or motivation at face value without any opportunity for discovery or cross-examination. In fact, under the Supreme Court's decision in *Reeves v. Sanderson Plumbing*, a plaintiff in an employment discrimination action make his case by offering evidence that the employer's defensive explanation is untrue or incredible: "Proof that the [employer's] explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive."

6

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 134 (2000).  As the Court further elucidated in *Reeves*:

> In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.  Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt."

530 U.S. at 147.

A plaintiff alleging employment discrimination can well establish circumstantial evidence of discriminatory (or retaliatory) intent by demonstrating that a defendant's articulated nondiscriminatory reason for its conduct was false (and thus pretextual).  *Id.* A plaintiff cannot have an opportunity to do this—or to establish any other facts in his own behalf, or concerning the defects in his employer's proffered defense—if he is not permitted to engage in discovery.  To make his case and to rebut defendant's defense— including his dispositive motion—here, Koch needs the opportunity to conduct discovery.

### III.     Plaintiff Must Be Permitted to Conduct Discovery to Obtain Statistical Evidence to Prove Disparate Impact and Disparate Treatment.

Plaintiff contends that the student loan repayment program adversely and disproportionately affects older employees.  "Statistical evidence is crucial in disparate impact cases..." *Krodel v. Young*, 748 F.2d 701, 709 (D.C.Cir. 1984), *cert. denied*, 474 U.S. 817 (1985).  "A disparate impact claim, which does not require a showing intent, probably cannot be advanced without data that only the defendant can be expected to have.  Without access to that data through the discovery process in litigation, a plaintiff could not reasonably be expected to meet the evidentiary requirement of a prima facie disparate impact case." *Breen v. Peters*, 2007 WL 60900 *6 (D.D.C. 2007).

Statistical evidence, moreover, is "'certainly relevant to a showing of pretext in [individual] disparate treatment actions,'" *Krodel*, 748 F.2d at 710, *quoted in Simpson v. Leavitt*, 437 F.Supp.2d 95, 104 (D.D.C. 2006).

Summary judgment is not appropriate until Plaintiff has the opportunity to discover the statistical data relevant to his disparate impact claim as well as his burden of demonstrating pretext on his disparate treatment claim.

As noted above, for the issues related to disparate treatment discrimination and retaliation, plaintiff's discovery would seek to identify key facts like: who made the decisions; when they were made; the grounds for the decisions; when they were made; the information available to the decision maker(s) at the time of the decisions; whether there was any internal dissent to any of the decisions; whether Koch's previous and pending EEO complaints and lawsuits played any role whatsoever in defendant's decision to deny him student loan reimbursement; and the nature of the mental state of the decision-makers and other relevant persons before and when the decisions were made.

For the issues related to disparate impact discrimination and pretext, plaintiff's discovery would seek to discover how many employees met the threshold requirement of being in repayment status on a federal student loan, who applied for the program, and who was selected or denied. Discovery would enable plaintiff to learn the ages of these various subcategories of employees.

Such discovery is essential both for plaintiff's disparate impact and disparate treatment claims.

Only through full discovery can plaintiff hope to unearth the facts necessary to adequately oppose defendant's summary judgment motion. While he may not be successful in obtaining useful facts through discovery, Rule 56(f) makes it crystal clear that he is entitled to try.

## Conclusion

As defendant chose to file a dispositive motion in lieu of answering the complaint with a responsive pleading, thereby seeking summary judgment before any discovery could be had, and because the issues raised in plaintiff's complaint are fact-intensive, the motion must be denied as premature—in accord with the holding of both the Supreme Court and our Circuit. Where, as here, a civil rights plaintiff might have to establish a prima facie case and rebut defendant's proffered "undisputed facts"—including his alleged nondiscriminatory justification for the challenged act and decisions (where part of satisfying plaintiff's burden might be to show that defendant's proffered explanations are non-credible or otherwise pretextual)—such a plaintiff must be afforded the opportunity to obtain all underlying facts, including deposing the employer's officials and other witnesses under oath.

Accordingly, invoking Rule 56(f) of the Federal Rules of Civil Procedure, plaintiff respectfully urges this Court to deny defendant's dispositive motion, order defendant to forthwith file his answer, and allow the litigation to orderly proceed to discovery.

Respectfully submitted,

2-12-07
Date

RANDOLPH S. KOCH
7701 Woodmont Avenue, Apt. 807
Bethesda, MD  20814
(W) 202-551-6984
(H)  301-656-0645

10

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RANDOLPH S. KOCH,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **Civil Action 06-0656 (PLF)** |
| ) | |
| **CHRISTOPHER COX,** ) | |
| **Chairman, U.S. Securities** ) | |
| **and Exchange Commission,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## <u>DECLARATION OF RANDOLPH S. KOCH</u>

I, Randolph S. Koch, do hereby declare as follows:

      1.      I am employed as an SK-12 Financial Analyst at the United States Securities and Exchange Commission. I am the pro se plaintiff in the above-captioned civil action. I affirm that the statements set forth in this declaration are based upon my personal knowledge and opinions.

      2.      My complaint in this action was filed on April 10, 2006. Defendant Christopher Cox, Chairman of the Securities and Exchange Commission (SEC), filed a motion to dismiss or, in the alternative, for summary judgment (the "motion") on October 12, 2006.

      3.      I am providing this declaration in support of my motion under Rule 56(f), Federal Rules of Civil Procedure.

4.      Viewing defendant's motion as one for summary judgment, plaintiff is in the impossible position of having to unearth and present all of the evidence needed to establish that his employment discrimination and retaliation claims are plausible causes of action sufficient to avoid summary judgment without the aid of any discovery to obtain data and documents, identify potential witnesses to be interviewed and deposed, and obtain witness testimony. Defendant's motion refers to an exhibit, which is a declaration of an SEC official. The motion also includes and refers to a "statement of material facts not in genuine dispute." Without discovery, plaintiff cannot depose the defendant's declarant or obtain witness testimony about the declaration, documents, or any of the defendant's allegedly undisputed material facts. Moreover, without discovery plaintiff can neither access other documents nor elicit deposition testimony (or even obtain the identity of potential witnesses) that would likely either support his legal claims, cast doubt on the veracity of defendant's assertions in support of his dispositive motion, or properly address defendant's proffered statement of undisputed material facts.

5.      For example, some of the issues on which plaintiff would need discovery to properly respond to defendant's dispositive motion or otherwise prepare to litigate his claims on the merits—with citations to the memorandum submitted by defendant in support of his dispositive motion, the opposition thereto, or to the complaint—are as follows:

-       The process by which work is assigned [Complaint at ¶¶ 6-11]:

        -       What criteria are employed to determine whether an assignment is

2

for a financial analyst or an attorney?  How is the proper grade level for an assignment determined, e.g., is a particular assignment an SK-12 or an SK-14 assignment?

- The basis for the assertion that Koch's work was not equal to or superior in quality to that of Kevin Rupert or any other comparator receiving the student loan reimbursement. [Def's Mot. at 20-24]

  - Copies of all work product for Koch and Rupert should be made available, including drafts and working copies to examine management's claim that Koch's work required more scrutiny.

- Was Koch assigned a heavier workload than Rupert? [Pl.'s Opp. at 11-12]

  - Copies of all records relating to workload and assignments must be made available, including tracking records for the period covered by the performance appraisals identified by Donaty as the basis for his decision.

  - The identity of witnesses, locate and obtain documents, elicit witness testimony about documents, conversations, meetings and regarding Donaty's state of mind regarding the above matter.

- What does Donaty know about Koch's work with the customers of the agency, both inside and outside? [Def.'s Mot. at 22-23]

  - The identity of witnesses, locate and obtain documents, elicit witness testimony about documents, conversations, meetings and regarding Donaty's state of mind regarding the above matter.

3

- In connection with Koch's cardiac disability, why didn't the SEC engage in the interactive process when plaintiff made his request for a normalized workload and schedule flexibility when he made his accommodation request to permit him to enter medically-supervised cardiac rehabilitation? Why didn't the SEC refer the request to its own medical expert for an evaluation of the request? [Pl.'s Opp. at 15]

  - Identity of all officials and witnesses, locate and obtain documents, Elicit witness testimony about documents, conversations, meetings, and regarding the state of mind of the involved officials with regard to all the above matters.

- All information relating to plaintiff's status as a qualified person with a disability as a result of his obstructive sleep apnea. Did the agency consider and evaluate Rupert's diagnosis and whether it met the criteria for a disability in the same manner that it found that Koch's sleep apnea met such criteria?? [Def.'s Mot.at 20]

  - All information relating to the evaluation of Koch's condition by the Federal Occupational Health Administration including its consulting expert, Neal Presant, M.D.   Dr. Presant must be deposed.

  - Information relating to Rupert's medical condition, including medical records, accommodation requests must be obtained, to the extent Rupert's medical condition is deemed relevant.

- The decision by Donaty not to recommend Koch for the student loan reimbursement program. [Pl.'s Complaint ¶ 12]

    - Whom did Donaty consult in making the decision? Why did he rely on past work evaluations? What did Donaty do to ascertain Koch's qualifications? Has Donaty reviewed Koch's work? How does Donaty know that Koch would be likely or not likely to leave if he did not receive the student loan reimbursement.

    - The content of all discussions with Rupert or others concerning Rupert's plans to leave the SEC if he did not receive the student loan reimbursement. What did Donaty know about Rupert's efforts to leave the SEC in the past, specifically, for private sector employment?

    - The extent of Donaty's knowledge of private sector employment criteria for lawyers and accountants in the investment management field. How and on what basis can Donaty make an evaluation of the relative attractiveness of his employees as candidates for employment?

- Donaty's knowledge of and attitude toward plaintiff's protected EEO activity. [Pl.'s Complaint at ¶ 7; Def.'s Mot. at 23-24].

    - Did Donaty have animus toward Koch because of the latter's protected activity at the time he denied Koch's nomination?

- Identity of any witnesses, locate and obtain documents, elicit witness testimony about documents, conversations, meetings and regarding the state of mind of decision maker(s) with regard to all the above matters.

- The review by the Office of Human Resources of Donaty's denial for fairness and equity. [Pl.'s Opp. at 8]

  - Who performed such a review? What criteria and guidelines were employed in performing such review? What were the results of the review? Were any supervisorial denials overturned by the Office of Human Resources upon such review?

  - The identity of witnesses, locate and obtain documents, elicit witness testimony about documents, conversations, meetings, and regarding the state of mind of the decision maker(s) with regard to the above matters.

- Whether the student loan reimbursement program had a disproportionate disparate impact on older employees.    [Pl.'s Complaint at ¶ 17; Pl.'s Opp. at 18-20].

  - The identities, personnel files, resumes, document reflecting academic records, work histories and ages of all applicants for student loan reimbursement, including all those granted and all those denied.

  - The identity of witnesses, locate and obtain documents, elicit witness testimony about documents, conversations, meetings, and regarding the state of mind of the decision maker(s) with regard to all the above matters.

- All documents relating to the justification for and the decision to employ a student loan reimbursement program and whether a more equitable alternative was considered. [Pl.'s Complaint at ¶ 17; Pl.'s Opp. at 20]

6

- Is there data supporting the adoption of such a program and data demonstrating that the student loan reimbursement program has accomplished its objective. If attrition has been reduced, what evidence connects this reduction to the student loan program, and not to some other factor.

- The identity of witnesses, locate and obtain documents, elicit witness testimony about documents, conversations, meetings, and regarding the state of mind of the decision maker(s) with regard to all the above matters.

6.    In this case, I would need to conduct discovery to ascertain the aforementioned information and obtain other information and insights in litigation my case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements in this Declaration are true and correct, to the best of my knowledge, recollection and belief.


2-12-07
Date

Randolph S. Koch


7

## CERTIFICATE OF SERVICE

Plaintiff Randolph S. Koch hereby certifies under penalty of perjury that he caused a copy of the <u>Plaintiff's Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment; Plaintiff's Statement of Disputes, Objections and Responses to Defendant's Statement of Material Facts Not in Dispute; Plaintiff's Rule 56(f) Motion; Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Rule 56(f) Motion; and Plaintiff's Declaration in Support of Plaintiff's Rule 56(f) Motion</u> to be served, by depositing it in first class mail, postage prepaid, on February 12, 2007 upon the following individual:

Marina Utgoff Braswell, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
    for the District of Columbia
555 Fourth Street, N.W., 10th Floor
Washington, D.C.  20530


2.12-07
_____
Date

                                 RANDOLPH S. KOCH
                                 7701 Woodmont Avenue, Apt. 807
                                 Bethesda, MD  20814
                                 (W) 202-551-6984
                                 (H) 301-656-0645

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| **RANDOLPH S. KOCH,**                    ) | |
| ) | |
| **Plaintiff**        ) | |
| ) | |
| **v.**               ) | **Civil Action 06-0656 (PLF)** |
| ) | |
| **CHRISTOPHER COX,**                     ) | |
| **Chairman, U.S. Securities**            ) | |
| **and Exchange Commission,**             ) | |
| ) | |
| **Defendant**       ) | |
| ) | |
| ) | |

## ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss or, in the

Alternative, for Summary Judgment, Defendant's Opposition thereto, and Plaintiff's Rule

56(f) Motion, it is by this Court hereby

ORDERED that Defendant's motion be and hereby is DENIED, and plaintiff's

motion be and hereby is GRANTED.


_____
UNITED STATES DISTRICT JUDGE

Dated:

Copies to:

RANDOLPH S. KOCH
7701 Woodmont Avenue, Apt. 807
Bethesda, MD  20814

MARINA UTGOFF BRASWELL, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C.  20530

2