UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RANDOLPH S. KOCH,                   )
                                    )
      Plaintiff,                    )
                                    )
      v.                            )    Civil Action No. 06-0656 (PLF)
                                    )
CHRISTOPHER COX, Chairman,          )
      Securities and Exchange       )
      Commission,                   )
                                    )
      Defendant.                    )
_____)

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on defendant's motion to dismiss and for summary judgment ("Def. Mot.") and plaintiff's Rule 56(f) motion ("Pl. Mot."). Upon careful consideration, the Court will deny defendant's motion and deny plaintiff's motion as moot.

        In his motion, defendant seeks dismissal on the claims raised in paragraphs 6 through 11 of plaintiff's complaint as duplicative of claims raised in prior litigation, and seeks summary judgment on the claims raised in paragraphs 12 through 31 of the complaint. See Def. Mot. at 1. In plaintiff's opposition to defendant's motion to dismiss and for summary judgment ("Pl. Opp."), plaintiff makes clear that "the only claim in the instant case relates to the SEC's rejection of Koch's participation in the student loan program. As noted, paragraphs six through eleven are simply recitals of facts . . . ." Pl. Opp. at 23. As such, defendant's motion to dismiss the claims raised in paragraphs 6 through 11 of the complaint will be denied, as it is now clear that there are no claims therein to dismiss.

Paragraphs 12 through 17 of the complaint contain plaintiff's allegations with respect to the sole claim in the complaint, regarding the student loan repayment program. Defendant seeks summary judgment on this claim before any discovery has taken place. The Court notes that this usually is a disfavored practice. As the D.C. Circuit has stated on several occasions, "summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" Americable Int'l v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment is appropriate after "adequate time for discovery"). Plaintiff requests discovery by way of a Rule 56(f) motion. See Pl. Mot. Defendant in his reply brief argues that "discovery is unnecessary and summary judgment should be entered in favor of the Agency." Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and for Summary Judgment and Opposition to Plaintiff's Rule 56(f) Motion ("Def. Reply") at 8.

Defendant also argues that plaintiff "has failed to allege any facts tending to show . . . that plaintiff did not meet any of the other criteria for participation in the student loan repayment program was incorrect or unlawfully motivated." Def. Reply at 13. In his complaint, specifically paragraphs 14 and 15, plaintiff does in fact allege that he met the criteria for the program. See Complaint ¶¶ 14-15. This is a factual issue, and plaintiff is entitled to adequate discovery before the Court adjudicates it. Accordingly, insofar as defendant's motion is one for summary judgment, it is denied without prejudice. It is hereby

ORDERED that defendant's motion to dismiss and for summary judgment [6] is DENIED; it is

FURTHER ORDERED that plaintiff's Rule 56(f) motion [16] is DENIED as moot; it is

FURTHER ORDERED that the parties shall submit a joint report pursuant to Local Civil Rule 16.3 on or before June 1, 2007; and it is

FURTHER ORDERED that there will be a meet and confer status conference on June 8, 2007 at 9:30 a.m.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 11, 2007