```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

                                    )
RANDOLPH S. KOCH,                   )
        Plaintiff,                  )
                                    )
        v.                          )  Civil No. 06-0656 PLF
                                    )
CHRISTOPHER COX,                    )
   CHAIRMAN,                        )
   U.S. SECURITIES AND              )
   EXCHANGE COMMISSION,             )
                                    )
        Defendant.                  )
                                    )
```

**JOINT PROPOSED SCHEDULING REPORT TO THE COURT**

Pursuant to Local Civil Rule 16.3(c), and the Court's order dated May 11, 2007, the parties provide the following proposed schedule to the Court.

Statement of the Case

Plaintiff is a SK-12 Financial Analyst with the Securities and Exchange Commission's ("SEC") Division of Investment Management, Office of Disclosure and Review, who alleges that his supervisor, Assistant Director Frank Donaty, discriminated against him on the basis of his age, religion and disability and retaliated against him for prior EEO activity by failing to recommend Plaintiff for participation in the SEC's Student Loan Repayment Program ("Repayment Program"). Plaintiff also alleges that his denial of the student loan repayment was the result of

disparate impact age discrimination.  Defendant avers that Plaintiff's age, religion, alleged disability and prior EEO activity played no part in the decision.  Rather, Mr. Donaty did not recommend Plaintiff for participation in the Repayment Program because he could not certify that Plaintiff was an employee with unique qualifications that met a special agency need, was likely to leave the SEC if he did not participate in the Program, and that Plaintiff's retention at the SEC was essential.  According to Donaty, Plaintiff's work performance did not meet the criteria for participation in the Repayment Program outlined in Article 25, Section I, of the collective bargaining agreement between the SEC and the National Treasury Employees Union ("NTEU"), which mandates the creation of a student loan repayment program, in accordance with 5 CFR Section 537, "to attract or retain highly qualified professional, technical, and administrative individuals by assisting them in repaying their outstanding federally insured student loans."  Additionally, Defendant maintains that Plaintiff's allegation of disparate impact age discrimination fails to state a claim.

With respect to the provisions of Local Rule 16.3(c), the parties state as follows:

1. Defendant intends to file a Motion for Summary Judgment

after the close of discovery.  Plaintiff does not agree that the case is likely to be disposed of by summary judgment.

    2.   The parties agree, at this time, that there are no other parties to join.  The parties also agree that the issues are: 1) whether the SEC discriminated against Plaintiff on the basis of his age, disability and/or religion when it denied Plaintiff's request to participate in the SEC's Repayment Program on July 31, 2003, and 2) whether the SEC retaliated against Plaintiff for prior EEO activities when it denied Plaintiff's request to participate in the Repayment Program on July 31, 2003.

    3.   The parties do not agree on whether the case should be assigned to a Magistrate Judge for all purposes.  Defendant opposes such assignment; Plaintiff is open to such an assignment.  Plaintiff believes that such an assignment might enhance chances for settlement.  Defendant does not believe such an assignment will have any impact on the possibility of settlement.

    4.   Neither Plaintiff nor Defendant has made a settlement proposal.  Defendant's counsel does not believe that the case has a realistic possibility of settling.  Plaintiff notes that, during administrative proceedings, the SEC seemed interested in settling a similar student loan program grievance for the year 2005, so Plaintiff does not understand why Defendant now states

that there is no realistic possibility of settlement.  Defense counsel are unaware of any attempts to settle any student loan program grievance filed by Plaintiff.  In response, Plaintiff notes that Phesha M. Barnes, former SEC Employee Relations Specialist, raised the issue of settlement at two separate grievance meetings.

    5.   Defendant does not wish that the Court refer this case to ADR before the parties begin discovery.  Plaintiff is amenable to referral to ADR and states his willingness to discuss settlement at any time.

    6.   Defendant proposes the following due dates concerning dispositive motions:

        (a)   any dispositive motion shall be filed no later than 30 days after the close of discovery;

        (b)   the opposition memorandum shall be filed 30 days thereafter; and

        (c)   the reply memorandum, if any, shall be filed 14 days after the opposition memorandum has been filed.

Plaintiff believes that sixty days following the close of discovery is a more realistic time for filing of dispositive motions.

7. The parties agree that they will serve initial disclosures and, due to Plaintiff's recent move and need to retrieve certain boxes from storage, agree that such disclosures will be due June 22, 2007. The parties also agree, in light of the foregoing facts, that discovery should not commence until June 22, 2007.

8. The parties agree that a protective order is needed and will file one in the near future. Defendant proposes a completion date for all discovery of September 21, 2007. Plaintiff proposes a completion date of December 21, 2007.

9. The parties are uncertain as to whether any expert witnesses will be used in this case. In the event a party decides to use expert testimony, the parties will submit to the Court a proposed schedule for expert discovery.

10. Not applicable.

11. The parties believe that bifurcation is not needed.

12. - 13. The parties believe that a pretrial date should be set after the Court resolves any dispositive motion filed in this case, and that a trial date should be set at the pretrial conference.

14. The parties are aware of no other matters at present that need to be included in a scheduling order.

The Court is respectfully referred to the Plaintiff's and Defendant's enclosed proposed Scheduling Orders.

Plaintiff has authorized Defendant to submit this report on behalf of both parties.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226


OF COUNSEL:

Paul R. Brockmeyer
Senior Counsel
United States Securities and Exchange Commission
Office of the General Counsel
100 F Street, N.E.
Washington, DC 29549-9612

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                              |   |                      |
|------------------------------|---|----------------------|
| RANDOLPH S. KOCH,            | ) |                      |
|     Plaintiff,               | ) |                      |
|                              | ) |                      |
|     v.                       | ) | Civil No. 06-0656 PLF |
|                              | ) |                      |
| CHRISTOPHER COX,             | ) |                      |
|   CHAIRMAN,                  | ) |                      |
|   U.S. SECURITIES AND        | ) |                      |
|   EXCHANGE COMMISSION,       | ) |                      |
|                              | ) |                      |
|     Defendant.               | ) |                      |
|                              | ) |                      |

## DEFENDANT'S PROPOSED SCHEDULING ORDER

Upon consideration of the parties' joint proposed schedule, and the scheduling conference held on June 8, 2007, it is hereby

ORDERED that the following schedule will apply in this case:

(a) any dispositive motion shall be filed no later than 30 days after the close of discovery;

(b) the opposition memorandum shall be filed 30 days thereafter;

(c) the reply memorandum, if any, shall be filed 14 days after the opposition memorandum has been filed;

(d) initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be due on June 22, 2007; and

(e) discovery shall commence June 22, 2007 and conclude on September 21, 2007;

(f)   limitations on discovery should be those set forth in the Federal Rules of Civil Procedure and the Local Rules; and

(g)   the Court will schedule a post-discovery status conference at a future date to schedule further proceedings in this case.

_____
UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Randolph S. Koch
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

                                 )
RANDOLPH S. KOCH,                )
        Plaintiff,               )
                                 )
        v.                       )    Civil No. 06-0656 PLF
                                 )
CHRISTOPHER COX,                 )
   CHAIRMAN,                     )
   U.S. SECURITIES AND           )
   EXCHANGE COMMISSION,          )
                                 )
        Defendant.               )
                                 )
```

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

Upon consideration of the parties' joint proposed schedule, and the scheduling conference held on June 8, 2007, it is hereby

ORDERED that the following schedule will apply in this case:

(a)  any dispositive motion shall be filed no later than 60 days after the close of discovery;

(b)  the opposition memorandum shall be filed 30 days thereafter;

(c)  the reply memorandum, if any, shall be filed 14 days after the opposition memorandum has been filed;

(d)  initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be due on June 22, 2007; and

(e)  discovery shall commence June 22, 2007 and conclude on December 21, 2007;

(f)   limitations on discovery should be those set forth in the Federal Rules of Civil Procedure and the Local Rules; and

(g)   the Court will schedule a post-discovery status conference at a future date to schedule further proceedings in this case.

_____
UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Randolph S. Koch
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814