UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLPH S. KOCH, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CHRISTOPHER COX, )<br>)<br>    Defendant. )<br>_____ ) | Civ. Action No. 06-0656(PLF) |

## PROTECTIVE ORDER

This is an action brought by plaintiff Randolph S. Koch, against defendant Christopher Cox, Chairman of the United States Securities and Exchange Commission, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 and 794, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et. seq.

WHEREAS, information to be disclosed by defendant in discovery may include personnel and other records which contain information that may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or which if publicly disclosed, would unnecessarily intrude on the privacy interests of third parties not before the Court, or are of a confidential or sensitive nature;

WHEREAS, information to be disclosed by plaintiff in discovery may include individually identifiable health or financial information about plaintiff entitled to be kept confidential; and to facilitate the disclosure of such health and financial information, sought for the purposes of this action, and in accordance with the terms and conditions of 45 C.F.R. § 164.512(e)(1)(ii)(B) and (e)(1)(v);

It is hereby ORDERED as follows:

1. Whenever counsel for defendant believes that formal or informal discovery in this case, in whatever form, reveals information which may be protected by the Privacy Act, or which may unnecessarily intrude on the privacy interests of third parties not before the Court, or is of a confidential or sensitive nature, defendant's counsel shall designate the information subject to this Order as "Confidential" and shall then submit such Confidential documents to plaintiff in accordance with paragraph 4 below.

2. Whenever plaintiff believes that formal or informal discovery in this case, in whatever form, may reveal information about "protected health information," synonymous in meaning and equal in scope to the usage of this term in 45 CF.R.. § 164.501, plaintiff shall designate the information subject to this Order as "Protected" and shall then submit such Protected documents to defendant's counsel in accordance with paragraph 4 below.

3. Whenever plaintiff believes that formal or informal discovery in this case, in whatever form, may reveal financial information about plaintiff which plaintiff wishes to remain confidential; plaintiff shall designate the information subject to this Order as "Confidential" and shall than submit such Confidential documents to defendant's. counsel in accordance with paragraph 4 below.

4. In response to any subpoena, discovery request, or the. lawful process in this action calling in whole or in part for the disclosure of information described in paragraph 1-3 above, a producing entity may designate as Confidential or Protected, any Document or any portion thereof, that contains or reflects the

information. Documents so designated are referred to herein as Confidential or Protected. The failure to designate any Document as Confidential or Protected shall not constitute a waiver of a producing entity's assertion that the materials are covered by this Order.

5. The term "Documents," as used in this Order, is synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a), and shall include, without limitation, all writings, drawings, graphs, charts, photographs, phonorecords, data compilations from which information can be obtained or translated, and any other recorded (including electronically recorded) or graphic matter whatsoever.

6. All Confidential or Protected documents subject to this Protective Agreement and Order and the information contained therein shall be treated as confidential and shall be used only for the prosecution or defense of this case, including inquiry by the parties or their counsel or persons acting under their direction or persons who may have knowledge of information contained in the documents.

7. All Confidential or Protected documents protected by this Protective Agreement and Order may be inspected only by: (a) the attorneys representing the parties in this case and their law clerks, paralegals, and clerical staff; (b) plaintiff; (c) attorneys in defendant's Office of the General Counsel and their staff; (d) any experts consulted by either party for purposes of prosecuting or defending this case and their clerical staffs; (e) outside contractors hired to copy, image, index, sort or otherwise manage the storage and retrieval of case

materials; (f) defendant's officials (to be identified by defendant) or persons with factual knowledge relating to the case in the course of an interview, deposition or testimony, in the reasonable and good faith belief of counsel that examination with respect to the confidential information is necessary or appropriate for the prosecution or defense of the case; (g) stenographers engaged to transcribe depositions conducted in this action; (h) the Court, its staff, and stenographers engaged to transcribe court proceedings in this action; and (i) the jury. Any such Confidential or Protected Documents or Information subject to this Protective Agreement and Order shall not be delivered, exhibited, or otherwise disclosed to any person except the persons specified in this paragraph. However, nothing contained herein shall be deemed to restrict any party's right to use or disclose any document or information that is provided by such party pursuant to this Protective Agreement and Order in any manner consistent with law or regulation.

8  During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Protected or Confidential Information, or that an answer has disclosed Protected or Confidential Information. Such Information may be so designated either:

    (a)  during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Protected Information" or "Confidential Information"; or

    (b)  by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to

the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

When a designation is made during a deposition, upon the request of counsel, all persons, except persons entitled to receive the Protected Information or Confidential Information pursuant to this Order, shall leave the room where the deposition is proceeding until completion of the answer or answers containing Protected Information.

9. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court and shall not disclose or make public any of the information contained in any Confidential or Protected document except as provided in paragraph 4 or without further order of the Court or stipulation of the parties. In addition, the parties shall not disclose Confidential or Protected information to any persons described under paragraph 7 (f) and 7 (g) unless and until such persons have read and signed an acknowledgment, in the form attached hereto as Appendix B.

10. This Order shall not preclude any party from contesting the validity or propriety of any claim of confidentiality asserted hereunder by a producing entity. If a disagreement among the producing entity and/or the parties regarding the appropriate designation of Documents as Confidential or Protected cannot be resolved, then the dispute may be presented to the Court for resolution by motion or otherwise. The documents or material in question

shall remain subject to the provisions of this Order pending the Court's determination of the matter.

11. All documents, and copies of those documents designated as subject to this Order, shall be destroyed or returned to opposing counsel or party within sixty (60) days of the conclusion of all-trial and appellate proceedings in this case. If the documents are destroyed, opposing counsel or party shall be notified in writing. However, government counsel may retain one copy of any confidential documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations, 36 C.F.R. § 1222.38. Any such retained materials shall be placed in an envelope(s) marked "Confidential or Protected Information Subject to Protective Order," with a copy of this Order attached.

12. Nothing contained in this Order shall be construed as precluding plaintiff or defendant from introducing Confidential or Protected Documents which are subject to this Order, or the contents thereof, in any appropriate filing or motion to the Court, or into evidence at a hearing or trial. However, the procedures for use of Confidential or Protected Documents during any filing, hearing or the trial of this matter shall be determined by the parties with notice to, and/or approval of, the Court as appropriate, in advance of the filing hearing or trial. The parties shall consider, where practicable, (1) redacting Documents to remove individual identifiers, (2) coding Confidential or Protected Documents to substitute a numerical or other designation for a person's or patient's name, or other identifying information, (3) introducing summary evidence from which

individual patient names or other identifying information has been redacted or removed, and/or (4) filing with the Court, under seal, the Confidential or Protected Information.

13. All portions of transcripts, all exhibits, all answers to interrogatories, and all other pleadings, documents and materials filed with the Court which contain documents or information designated as subject to this Protective Agreement and Order shall be served upon opposing counsel or party and shall be filed in two versions ("Version One" and "Version Two"). Version One shall redact only the specific information designated Confidential or Protected and shall be filed on the public record. Version Two shall contain no redactions and as set forth in paragraph 12(4) above, shall be filed in the Clerk's Office in a sealed envelope bearing the name and docket number of the case and a statement substantially in the following form: "Confidential or Protected—to be opened only by persons authorized in the Protective Agreement and Order or upon order of the United States District Court for the District of Columbia." Finally, no party shall disclose Protected Documents or Information in open Court without prior consideration by the Court.

14. Any specific part or parts of the restrictions imposed by this Protective Agreement and Order may be terminated at any time by written agreement of the parties, subject to the approval of the Court, or by an order of the Court. This Protective Agreement and Order is issued without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to

make evidentiary objections at trial.

Approved and so ordered:


Dated: _____          _____
                                        PAUL L. FRIEDMAN
                                        UNITED STATES DISTRICT JUDGE

cc:    Randolph S. Koch
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814

Marina Braswell, Esq.
Assistant United States Attorney
Civil Division
555 Fourth Street, 10th Floor
Washington, D.C. 20530

Appendix A

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he (she) has read the Protective Order entered in the United States District Court for the District of Columbia in the case captioned <u>Koch v. Cox</u>, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Documents or Information made available to him (her) other than in strict compliance with the Order. The undersigned acknowledges that his (her) duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED:_____     BY:_____
                                                                       (type or print name)

                                      SIGNED:_____

Appendix B

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that Confidential Documents and Information to be shared with him (her) in the case captioned <u>Koch v. Cox</u> contain individually identifiable health information of a personal and private nature, and that this information is subject to an Order of the United States District Court for the District of Columbia, which prohibits the parties to the case from using or disclosing this information for any purposes unrelated to the case. The undersigned agrees that he (she) should not further disclose the individually identifiable health information he (she) is to receive except for reasons having to do with this litigation.

DATED:_____   BY:_____
                                          (type or print name)


                              SIGNED:_____