UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                           )
RANDOLPH S. KOCH,          )
         Plaintiff,        )
                           )
         v.                )    Civil No. 06-0656 PLF
                           )
CHRISTOPHER COX,           )
   CHAIRMAN,               )
   U.S. SECURITIES AND     )
   EXCHANGE COMMISSION,     )
                           )
         Defendant.        )
_____)
```

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR A PROTECTIVE ORDER

Defendant Christopher Cox, Chairman, U.S. Securities and Exchange Commission ("Commission"), hereby responds to Plaintiff's Motion for a Protective Order.

On October 9, 2007, defendant sent plaintiff a copy of the standard protective order used by the United States Attorney's Office in Title VII matters similar to the present action. This version of the proposed protective order recently had been updated to make it easier to understand and comply with and to include reference to the Privacy Act, Local Rule 5.4(f), and this Court's "Notice Regarding Privacy and Public Access to Electronic Case files," dated September 2004. The version sent to plaintiff also had been modified to reflect his status as a *pro se* litigant and to ensure protection of any health or financial information produced by plaintiff during discovery. See Attachment A.

On October 17, 2007, defendant contacted plaintiff to inquire if he had any suggested edits to the proposed protective order that was sent to him on October 9, 2007.  Plaintiff responded that he expected to have some proposed edits and would get back to defendant.  On October 24, 2007, plaintiff responded to defendant's proposed protective order.  However, rather than suggesting edits to the protective order that defendant had proposed, plaintiff submitted essentially a duplicate of a protective order that had been used in a prior action that plaintiff had brought against the Commission years earlier (02-1492), which currently is pending before this Court.  Plaintiff advised defendant that his response was based upon the parties' initial status conference, during which he claims that "the Judge expressed a strong preference for an order along [the lines of the order in the prior case]."  Plaintiffs' Mem., Exh. 7.

Although defendant does not have a transcript of the status hearing held in this case on June 8, 2007, defendant does not believe that this Court made any comment at that conference that was intended to express a preference regarding the contents of an agreed protective order.  Rather, to the extent that any comment was made at that time concerning a protective order, it was merely to remind plaintiff of the need for one, given his

reluctance to agree to any protective order in the parties' prior litigation.

The protective order proposed by plaintiff contains no reference to the Privacy Act, Local Rule 5.4(f), and this Court's Notice Regarding Privacy and Public Access to Electronic Case files.  More importantly, however, plaintiff's proposed order contains provisions which are overly complicated and burdensome and which are unnecessary to protect the confidentiality of the documents and information produced by both parties in this case.

Specifically, paragraph 8 of plaintiff's proposed order provides that when a deposition question calls for an answer that would disclose protected or confidential information, the party may require that response to be bound in a separate volume. Similarly, paragraph 13 of plaintiff's proposed order requires that all transcripts, exhibits, answers to interrogatories and other pleadings filed with the Court which contain confidential information shall be served on opposing counsel and with the Court in two volumes ("version one") and ("version two"). Version one will be filed in the public record and will be redacted of any confidential or protected information.  Version two shall be filed with the Court Clerk under seal.

Defendant's proposed order adopts the procedures for protecting confidential and personal information set forth in

Local Civil Rule 5.4(f) and the Court's Notice Regarding Privacy and Public Access to Electronic Case Files. See Attachment B. Defendant submits that this more current order amply protects the parties and should be the protective order entered in this case. Id.

Defense counsel wishes to address briefly plaintiff's comments about delay in this case. Plaintiff provided his proposed protective order to defense counsel on October 23, 2007. Plaintiff's Mem., Exh. 7. At that time, defense counsel was in almost daily depositions in a class action case, and a companion case, with a discovery cut-off of November 16th. Barham v. Ramsey, Civil No. 02-2283 (D.D.C.); Chang v. United States of America, Civil No. 02-2010 (D.D.C.). Simultaneously, often after depositions had been completed for the day, defense counsel was addressing numerous discovery disputes in a different case - a complex, contentious putative class action. Moore v. Chertoff, Civil No. 00-9853 (D.D.C.). Then on November 20th defense counsel's 90-year old mother became seriously ill. Defense counsel has had to be out of the office, and out of town, numerous days since that time, taking her mother to doctor visits and hospital procedures. Thus, none of the delay about which plaintiff complains should be attributed to any reluctance by defendant to move this case forward expeditiously. Rather, it

has been caused solely by defense counsel's schedule in the last two months, involving events that were unavoidable and took defense counsel's time away from this case.

Defendant does note, however, that by Order dated September 26, 2007, plaintiff's responses to defendant's requests for admissions and document production requests were due September 28, 2007. Plaintiff admits that he has yet to serve defendant with these documents. Plaintiff's Mem. at 3, n.1. Defendant trusts that plaintiff will be promptly forthcoming with those responses.

Respectfully submitted,

/s/
_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

OF COUNSEL:

Paul R. Brockmeyer
Senior Counsel
United States Securities and Exchange Commission
Office of the General Counsel
100 F Street, N.E.
Washington, DC 29549-9612

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of defendant's response to plaintiff's motion for a protective order was served upon plaintiff by U.S. mail, addressed to:

                    Mr. Randolph Koch
                    7701 Woodmont Ave., Apt. 807
                    Bethesda, MD 20814

on this 14th day of December, 2007.


                    _____/s/_____
                    MARINA UTGOFF BRASWELL, D.C. Bar #416587
                    Assistant United States Attorney
                    United States Attorney's Office
                    Civil Division
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| RANDOLPH S. KOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-0656 PLF |
| | ) | |
| CHRISTOHPER COX, | ) | |
| CHAIRMAN, | ) | |
| U.S. SECURITIES AND | ) | |
| EXCHANGE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

This is an action in which plaintiff alleges that defendant discriminated against him in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, Sections 501 and 505 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 and 794, and the Age Discrimination in Employment Act, 29 U.S.C. § 621. Through his Requests for Production of Documents, plaintiff has sought certain information and records that are protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or that otherwise may be subject to confidential treatment. Plaintiff also believes that defendant's discovery requests seek protected health information and financial information pertaining to him that is of a confidential nature. In order to permit the parties to discover information relevant to this case without

**ATTACHMENT A**

undermining these confidentiality concerns, and pursuant to Rule
26 of the Federal Rules of Civil Procedure, the parties
stipulate, and it is hereby ORDERED:

1.    Counsel for defendant is hereby authorized, pursuant to
5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to
release to counsel for plaintiff information covered by the
Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to
discovery or otherwise in this case.

2.    Either party to this litigation may initially designate
as "protected" hereunder any material exchanged in this case if
the party deems, in good faith, that release of such material
would otherwise constitute an unreasonable invasion of privacy.
Either party designating material as protected hereunder
represents thereby that it has done so in good faith and pursuant
to a bona fide belief that such materials are in fact
confidential and deserving of protection.  Counsel and parties
are referred to Local Civil Rule 5.4(f) and this Court's "Notice
Regarding Privacy and Public Access to Electronic Case Files,"
dated September 2004 [available at www.dcd.uscourts.gov/civil-
privacy.pdf], for typical examples of material deserving
"protected" designation.  The failure to designate any material
as confidential or protected by this order shall not constitute a

waiver of a producing party's subsequent assertion that the material is covered by this order.

3.    In designating material as protected, the party so designating it shall identify the protected material with specificity in writing.  Either party may, at any time, object to the designation of material as protected.  In the event of any such objection, the designating party agrees to confer with the objecting party as promptly as practicable to attempt to resolve the objection informally.  Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution.  Until the Court resolves the dispute, the material shall be treated as protected.

4.    Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a)    Protected material may be used for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (I) plaintiff and counsel for plaintiff, such counsel's firm and its employees, and outside contractors, consultants and experts retained by plaintiff to assist such counsel, specifically for purposes of this litigation; (ii) witnesses

offered either by the plaintiff and/or the defendant [would cover former gov employees], (iii) the person to whose privacy interests the Privacy Act restrictions are meant to protect with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); and (iv) counsel for the defendant and other employees of the United States government who have a need to review the protected material for the defense or prosecution of this case, [covers support staff], or outside consultants, contractors, or experts retained by the defendant, specifically for purposes of this litigation.

(b)  It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.

(c)  The filing of materials designated under this order shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

(d)  All copies made of any material that is subject to this order shall be clearly labeled as containing protected material and shall be returned to the party who originally

produced them or destroyed at the conclusion of this litigation
(including any and all appeals).  Legal memoranda and briefs
containing protected material and any work product materials
containing protected material may be retained and such documents
shall be kept in the possession of a private litigant's counsel
or in the possession of a governmental entity, and shall not in
the future be disclosed contrary to the provisions of this order.

      (e)  Counsel for the parties and parties unrepresented
by counsel shall endeavor to avoid revealing protected material
in any oral proceedings before the Court, including oral
argument.  If any such counsel or party finds it necessary to
refer to protected material in any such oral proceeding, that
person shall notify the Court and all other counsel of record, or
a party unrepresented by counsel, as soon as such necessity
becomes apparent and shall propose whatever mechanism(s) may be
available and appropriate to prevent disclosure of confidential
material as a consequence of such oral proceedings to persons
other than those authorized by this order.

    5.  Any party or counsel for a party shall promptly report
any breach of the provisions of this order to the Court and the
party, or counsel for the party, who produced the protected
material that was improperly divulged or compromised.  Upon
discovery of any breach, the party or counsel reporting the

breach shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order.  All parties and counsel for parties shall also cooperate fully in any investigation of such breach conducted by the Court.  Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

6.   By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

7.   Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

8.   Nothing contained herein shall restrict the government's use of its records for official business or for

other purposes consistent with other applicable laws and regulations.

9.   Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by a letter from counsel for the designating party or by an Order of the Court.

10.   This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

11.   Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12.   This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order

Respectfully submitted,

_____
Randolph Koch
7701 Woodmont Ave., Apt. 807
Bethesda, MD 20814

Plaintiff <u>Pro</u> <u>Se</u>

_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____

MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

OF COUNSEL:

Paul R. Brockmeyer
Senior Counsel
United States Securities and Exchange
Commission
Office of the General Counsel

Counsel for Defendant

It is so ORDERED by the Court this _____ day of _____,
2007.

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                )
RANDOLPH S. KOCH,               )
                                )
          Plaintiff,            )
                                )
          v.                    )   Civil No. 06-0656 PLF
                                )
CHRISTOHPER COX,                )
   CHAIRMAN,                    )
   U.S. SECURITIES AND          )
   EXCHANGE COMMISSION,         )
                                )
          Defendant.            )
                                )
```

## STIPULATED PROTECTIVE ORDER

This is an action in which plaintiff alleges that defendant discriminated against him in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, Sections 501 and 505 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 and 794, and the Age Discrimination in Employment Act, 29 U.S.C. § 621.  Through his Requests for Production of Documents, plaintiff has sought certain information and records that are protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or that otherwise may be subject to confidential treatment. Plaintiff also believes that defendant's discovery requests seek protected health information and financial information pertaining to him that is of a confidential nature.  In order to permit the parties to discover information relevant to this case without

**ATTACHMENT B**

undermining these confidentiality concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

1.    Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for plaintiff information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2.    Either party to this litigation may initially designate as "protected" hereunder any material exchanged in this case if the party deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection.  Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy.pdf], for typical examples of material deserving "protected" designation.  The failure to designate any material as confidential or protected by this order shall not constitute a

waiver of a producing party's subsequent assertion that the material is covered by this order.

3.   In designating material as protected, the party so designating it shall identify the protected material with specificity in writing.  Either party may, at any time, object to the designation of material as protected.  In the event of any such objection, the designating party agrees to confer with the objecting party as promptly as practicable to attempt to resolve the objection informally.  Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution.  Until the Court resolves the dispute, the material shall be treated as protected.

4.   Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a)   Protected material may be used for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (I) plaintiff and counsel for plaintiff, such counsel's firm and its employees, and outside contractors, consultants and experts retained by plaintiff to assist such counsel, specifically for purposes of this litigation; (ii) witnesses

offered either by the plaintiff and/or the defendant [would cover former gov employees], (iii) the person to whose privacy interests the Privacy Act restrictions are meant to protect with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); and (iv) counsel for the defendant and other employees of the United States government who have a need to review the protected material for the defense or prosecution of this case, [covers support staff], or outside consultants, contractors, or experts retained by the defendant, specifically for purposes of this litigation.

(b)  It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.

(c)  The filing of materials designated under this order shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

(d)  All copies made of any material that is subject to this order shall be clearly labeled as containing protected material and shall be returned to the party who originally

produced them or destroyed at the conclusion of this litigation (including any and all appeals).  Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained and such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

(e)  Counsel for the parties and parties unrepresented by counsel shall endeavor to avoid revealing protected material in any oral proceedings before the Court, including oral argument.  If any such counsel or party finds it necessary to refer to protected material in any such oral proceeding, that person shall notify the Court and all other counsel of record, or a party unrepresented by counsel, as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order.

5.  Any party or counsel for a party shall promptly report any breach of the provisions of this order to the Court and the party, or counsel for the party, who produced the protected material that was improperly divulged or compromised.  Upon discovery of any breach, the party or counsel reporting the

breach shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order. All parties and counsel for parties shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

6.   By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

7.   Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

8.   Nothing contained herein shall restrict the government's use of its records for official business or for

other purposes consistent with other applicable laws and
regulations.

9.   Any specific part or parts of the restrictions imposed
by this protective order may be terminated at any time by a
letter from counsel for the designating party or by an Order of
the Court.

10.  This Order is without prejudice to the rights of any
party to make any objection to discovery permitted by the Federal
Rules of Civil Procedure, or by any statute or other authority,
or to the rights of any party to make evidentiary objections at
trial.

11.  Nothing in this Order may be taken or construed as a
ruling or statement concerning the admissibility of any documents
or information.

12.  This Order is without prejudice to the rights of any
party to seek from the Court the modification of this Order


It is so ORDERED by the Court this _____ day of _____,
2007.


_____
United States District Judge