UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| RANDOLPH S. KOCH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 06-0656 (PLF) |
| ) | |
| CHRISTOPHER COX, ) | |
| ) | |
| Defendant. ) | |

**Plaintiff's Motion to Extend**
**Deadline for Completion of Discovery to August 15, 2008**

Plaintiff Randolph S. Koch hereby moves that this Court extend the completion date for discovery to August 15, 2008.

Plaintiff has been unable to secure the consent of opposing counsel, Marina Braswell, Esq., so this motion might be opposed.

Originally, Plaintiff and opposing counsel had an agreement that they discovery would extend to June 30, 2008 by consent. This court approved the consent motion filed by Plaintiff on or about April 29, 2008. A condition of the consent was that Plaintiff would agree to be deposed by Defendant during the month of May. Plaintiff agreed, and Plaintiff's deposition was scheduled. Because of the breakdown of Koch's home computer which contained the emails from the law firm representing him in the related case, Koch v. Cox, C.A. 02-1492, Koch had the wrong date for the deposition in that case. This was compounded by a communication disruption between Koch and his attorney resulting from a serious illness in her family. The deposition in that case had to

be rescheduled for May 28, 2008, the original date for the deposition in this case. On May 27th, Koch became extremely ill and had to go to the emergency room at Suburban Hospital. Koch missed the entire week of work due to a serious viral illness. The deposition in C.A. 02-1492 was ultimately rescheduled for June 5, 2008. At the end of the deposition on that date, Ms. Braswell asked Koch to contact him the next day to set up a deposition in the instant case. On June 6th and June 9th, Koch sent Ms. Braswell emails asking for a set of dates from which he could select one for the deposition in this case. He did not hear back from Ms. Braswell until late Friday, June 20th, at which time she asked that he be available on June 25th or 27th. Neither date was workable on such short notice. Koch, moreover, had secured the agreement of Ellen Renaud, Esq., the attorney representing him in C.A. 02-1492, to accompany him to the deposition. Ms. Braswell then stated that the first time the attorney from the SEC would be available would be July 16th. Mr. Koch agreed to that date, but also raised, once again, the need for Ms. Braswell to respond to his discovery requests so that Koch could do his depositions.

During the conversation between Koch and Ms. Braswell on June 5th, when the latter asked Koch to contact her to set up a date for the deposition, Koch asked Ms. Braswell about the letter he had written her in December, 2007, regarding the deficiencies in the SEC's document production and interrogatory answers. Ms. Braswell was non-responsive, seeming to shrug it off by saying "Oh, that thing," or words very close to that.

Last week, when Koch stated that he would want to seek a longer extension of discovery than just the 16 days proposed by Ms. Braswell, he did not receive a response. In fact, he has received no further response regarding either the deposition or the

2

longstanding requests for documents and meaningful, substantive interrogatory responses. As a result of the defendant's complete refusal to participate in discovery in a meaningful way and its lack of good faith in trying to resolve problems in the discovery process, Koch has been completely stymied in his attempt to proceed with depositions of the appropriate SEC officials. Virtually all the necessary and relevant documents and records are in the possession of the defendant. Koch cannot conduct meaningful depositions without having the necessary agency records.

Koch needs to make further attempts to persuade the defendant to comply with its reasonable discovery obligations or he will have no choice other than to seek the Court's assistance in breaking the logjam.

Koch also requests this short extension because he has had to spend part of the last two months assisting the law firm representing him in C.A. 02-1492 prepare for the depositions of two cardiologists by Ms. Braswell. Koch spent a great deal of time researching the medical issues, obtaining medical literature for the use of his law firm, and generally assisting in their preparation. This consumed a great deal of time during the month of May. Further, the lingering effects of his illness in late May interfered with Koch's ability to devote substantial time and energy in subsequent weeks to working on this matter to the extent he would have preferred.

He will attempt to resolve the remaining discovery issues without delay so that discovery can be completed. This would permit the case to be decided fully on its merits.

Based on the foregoing, and the record in this case, Koch respectfully requests that the Court grant the relief requested herein.

Respectfully submitted,

_6/30/08_
Date

_[signature]_
Randolph S. Koch
Plaintiff
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814
(O) 202-551-6984
(W) 301-656-0645

4

## CERTIFICATE OF SERVICE

   Plaintiff Randolph S. Koch hereby certifies that he caused to be served the attached *Plaintiff's Motion to Extend Deadline for Completion of Discovery to August 15, 2008* by depositing same in first class mail, postage prepaid, on June 30 2008, addressed to the following person:

Marina Braswell, Esq.
Office of the U.S. Attorney
   for the District of Columbia
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530


6/30/08
Date

                   RANDOLPH S. KOCH

Koch, Randolph S.

---

**From:** Koch, Randolph S.
**Sent:** Thursday, June 26, 2008 11:45 AM
**To:** 'Braswell, Marina (USADC)'
**Subject:** RE: deposition

I cannot agree. This only permits you to do the discovery you seek. Quite some time ago I sent you a detailed letter discussing the deficiencies in your discovery responses. I have not heard anything more from you about the letter. I attempted to raise this with you in our brief discussion at the end of the deposition some weeks ago. You were non-responsive. I have not been able to proceed with my discovery, including depositions, because I have not heard from you regarding what your client intends to do to comply with its discovery obligations. I can't do depositions without meaningful and sufficient document production, which you have not provided. Virtually all the necessary and relevant documents relating to this case are in the possession of the SEC.

As far as not being available before the close of discovery: I *have been* available. Please remember that I sent you emails on June 6th and June 9th asking for possible dates. Had you responded promptly, I would have been able to respond with a date before the end of discovery. Instead, you waited until late Friday, June 20th, one week before the close of discovery. That gave me less than five business days to arrange my schedule and work it out with Ms. Renaud.

I can only agree to a reasonable extension of another 45-60 days. Because we are heading into vacation season, I prefer 60 days. I must receive the requested documents as soon as possible so I can prepare for depositions. I have been working on what remains of my discovery obligations but there would be nothing I have that has not already been available to you or that would not otherwise be in your possession.

Also, I have had to spend a great deal sorting out confidential material from the documents I have since we have still not gotten a protective order. Since the judge ordered us to essentially file your proposed protective order with modifications, I suggest you send me a draft with the necessary revisions so that we can get that out of the way. This might expedite what I have left to do with the documents I will produce.

---

**From:** Braswell, Marina (USADC) [mailto:Marina.Braswell@usdoj.gov]
**Sent:** Wednesday, June 25, 2008 6:07 PM
**To:** Koch, Randolph S.
**Subject:** RE: deposition

Mr. Koch,

Given you cannot make yourself available prior to the close of discovery, I propose that we file a joint motion for extension of time to extend discovery to July 16th. Do you agree?

Marina Utgoff Braswell
Assistant U.S. Attorney

---

**From:** Koch, Randolph S. [mailto:KochR@SEC.GOV]
**Sent:** Wednesday, June 25, 2008 5:23 PM
**To:** Braswell, Marina (USADC)
**Subject:** RE: deposition

July 16th is fine; June 27th is not.

I will be available on July 16th. Ellen Renaud will accompany me to the deposition.

---

**From:** Braswell, Marina (USADC) [mailto:Marina.Braswell@usdoj.gov]
**Sent:** Tuesday, June 24, 2008 4:36 PM
**To:** Koch, Randolph S.
**Subject:** RE: deposition


EXHIBIT 1

Mr. Koch,

It is too late for me to plan for tomorrow, as I would have had to line up a court reporter by now. I'll need to know by the end of the day tomorrow if we can proceed on Friday, June 27th.

If we cannot, the next date that my agency attorney and I are available is July 16. We would have to seek an extension of discovery for that.

Local Rule 30.1 does not grant you the opportunity to seek counsel. Rather, it speaks to when a notice of deposition must be served. Local Rule 30.1 simply states that it does not modify Fed. R. Civ. P. 32(a).

You were supposed to be deposed in this case at the end of May. Problems scheduling your deposition in your other case, based on your unavailability, meant that we could not go forward with the deposition in this case on the date planned. At that time you said nothing about wanting an attorney to accompany you to the deposition. While you certainly may seek counsel at any point during litigation, I do not intend to delay your deposition indefinitely while you now try to obtain counsel.

Please get back to me tomorrow about Friday.

Thank you,

Marina Utgoff Braswell
Assistant U.S. Attorney

---

**From:** Koch, Randolph S. [mailto:KochR@SEC.GOV]
**Sent:** Tuesday, June 24, 2008 4:09 PM
**To:** Braswell, Marina (USADC)
**Subject:** RE: deposition

As I understand Local Civil Rule 30.1, I am entitled to the opportunity to seek counsel to accompany me to the deposition. I am trying to do that right now. It is doubtful that I can find anybody for tomorrow, and I think Friday will also be difficult. I will let you know whether I am successful or whether we will have to discuss another date.

---

**From:** Braswell, Marina (USADC) [mailto:Marina.Braswell@usdoj.gov]
**Sent:** Monday, June 23, 2008 3:49 PM
**To:** Koch, Randolph S.
**Subject:** FW: deposition

Mr. Koch,

Please answer this e-mail so I know what to plan for.

Thank you,

Marina Utgoff Braswell

---

**From:** Braswell, Marina (USADC)
**Sent:** Friday, June 20, 2008 6:55 PM
**To:** 'Koch, Randolph S.'
**Subject:** RE: deposition

Mr. Koch,

6/30/2008

Can we schedule your deposition for next Friday, June 27th? Please let me know if this would work for your schedule. If not, the only other day I could do it next week is Wednesday, June 25th.

Thanks,

Marina Utgoff Braswell
Assistant U.S. Attorney

---

**From:** Koch, Randolph S. [mailto:KochR@SEC.GOV]
**Sent:** Monday, June 09, 2008 3:05 PM
**To:** Braswell, Marina (USADC)
**Subject:** FW: deposition


I haven't heard from you yet concerning possible dates. Please let me know as soon as possible. Thank you.

---

**From:** Koch, Randolph S.
**Sent:** Friday, June 06, 2008 2:35 PM
**To:** 'Braswell, Marina (USADC)'
**Subject:** deposition

Please provide me with some proposed dates for the deposition and I'll let you know which are acceptable.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLPH S. KOCH, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CHRISTOPHER COX, )<br>)<br>Defendant. )<br>) | C.A. No. 06-0656 (PLF) |

## ORDER

Upon consideration of Plaintiff's consent motion for extension of time for the completion of discovery, and it appearing to the Court that the granting of this unopposed motion, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, would be just and proper, it is by the Court this day of _____, 2008,

ORDERED that Plaintiff's motion be, and it is, granted, and it is further

ORDERED that the time in which the parties must complete discovery in this case be extended to and including August 15, 2008.

_____
UNITED STATES DISTRICT JUDGE

Copies to

Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530


Randolph S. Koch
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814