```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
                                    )
RANDOLPH S. KOCH,                   )
       Plaintiff,                   )
                                    )
       v.                           )   Civil No. 06-0656 PLF
                                    )
CHRISTOPHER COX,                    )
   CHAIRMAN,                        )
   U.S. SECURITIES AND              )
   EXCHANGE COMMISSION,             )
                                    )
       Defendant.                   )
_____)
```

**JOINT MOTION FOR A PROTECTIVE ORDER**

Pursuant to this Court's Order dated January 4, 2008, the parties hereby request that the Court enter the attached stipulated protective order.

Executed this 30th day of July, 2008.

|  | Respectfully submitted, |
|---|---|
| *[signature]* | *[signature]* |
| RANDOLPH S. KOCH | JEFFREY A. TAYLOR |
| 7701 Woodmont Ave., Apt. 807 | D.C. BAR # 498610 |
| Bethesda, MD 20814 | |
| 202-551-6984 (O) | *[signature]* |
| 301-656-0645 (H) | RUDOLPH CONTRERAS |
| | D.C. BAR #434122 |
| | Assistant United States Attorney |
| | |
| | *[signature]* |
| | MARINA UTGOFF-BRASWELL |
| | D.C. BAR #416587 |
| | Assistant U.S. Attorney |
| | U.S. Attorney's Office |
| | 555 4th Street, N.W. |
| | Washington, D.C. 20530 |
| | (202) 514-7226 |
| | |
| Plaintiff Pro Se | Counsel for Defendant |

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

|                              |   |                      |
|------------------------------|---|----------------------|
| RANDOLPH S. KOCH,            | ) |                      |
|   Plaintiff,                 | ) |                      |
|                              | ) |                      |
| v.                           | ) | Civil No. 06-0656 PLF |
|                              | ) |                      |
| CHRISTOPHER COX,             | ) |                      |
|   CHAIRMAN,                  | ) |                      |
|   U.S. SECURITIES AND        | ) |                      |
|   EXCHANGE COMMISSION,       | ) |                      |
|                              | ) |                      |
|   Defendant.                 | ) |                      |

## STIPULATED PROTECTIVE ORDER

This is an action in which plaintiff alleges that defendant discriminated against him in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, Sections 501 and 505 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 and 794, and the Age Discrimination in Employment Act, 29 U.S.C. § 621. The parties' discovery requests seek certain information and records that are protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or that otherwise may be subject to confidential treatment. Plaintiff also believes that defendant's discovery requests seek protected health information and financial information pertaining to him that is of a confidential nature. In order to permit the parties to discover information relevant to this case without undermining these confidentiality

concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

1. Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for plaintiff information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2. Either party to this litigation may initially designate as "Confidential" hereunder any material exchanged in this case if the party deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of privacy. Either party designating material as "Confidential" hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy.pdf], for typical examples of material deserving a protected designation. The failure to designate any material as confidential or protected by this order shall not constitute a waiver of a producing party's subsequent assertion that the material is covered by this order.

3. In designating material as "Confidential", the party so designating it shall identify the confidential material with specificity in writing. Either party may, at any time, object to the designation of material as "Confidential." In the event of any such objection, the designating party agrees to confer with the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as confidential and protected.

4. Confidential material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a) Confidential material may be used for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (I) plaintiff and counsel for plaintiff, such counsel's firm and its employees, and outside contractors, consultants and experts retained by plaintiff to assist such counsel, specifically for purposes of this litigation; (ii) witnesses offered either by the plaintiff and/or the defendant [would cover former gov employees], (iii) the person to whose privacy

interests the Privacy Act restrictions are meant to protect with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); and (iv) counsel for the defendant and other employees of the United States government who have a need to review the confidential material for the defense or prosecution of this case, [covers support staff], or outside consultants, contractors, or experts retained by the defendant, specifically for purposes of this litigation.

   (b)  It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose confidential material, and to insure that all such persons comply with the terms of this order.

   (c)  The filing of materials designated under this order shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

   (d)  All briefs, memoranda of law, pleadings, portions of transcripts, documents and materials filed with the Court which contain documents or information designated "Confidential" under this Protective Order shall be served upon opposing counsel or party and shall be filed in two versions, "Version One" and

"Version Two." Version One shall redact only the specific information designated as Confidential and shall be filed on the public record. Version Two shall contain no redactions and shall be filed with the Clerk's Office under seal, with one courtesy copy sent directly to Judge Friedmans' chambers.

(E) All copies made of any material that is subject to this order shall be clearly labeled as containing confidential material and shall be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals). Legal memoranda and briefs containing confidential material and any work product materials containing confidential material may be retained and such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

(f) Counsel for the parties and parties unrepresented by counsel shall endeavor to avoid revealing confidential material in any oral proceedings before the Court, including oral argument. If any such counsel or party finds it necessary to refer to confidential material in any such oral proceeding, that person shall notify the Court and all other counsel of record, or a party unrepresented by counsel, as soon as such necessity

becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order.

5. Any party or counsel for a party shall promptly report any breach of the provisions of this order to the Court and the party, or counsel for the party, who produced the confidential material that was improperly divulged or compromised. Upon discovery of any breach, the party or counsel reporting the breach shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order. All parties and counsel for parties shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

6. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

7. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that

are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

8. Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

9. Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by a letter from counsel for the designating party or by an Order of the Court.

10. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

11. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order

It is so ORDERED by the Court this _____ day of _____, 2008.

_____
United States District Judge