UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RANDOLPH S. KOCH,                   )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )     Civil No. 06-0656 (PLF)
                                    )
MARY L. SCHAPIRO,                   )
  Chairman, Securities and          )
  Exchange Commission,              )
                                    )
        Defendant.[1]               )
_____ )

MEMORANDUM OPINION

       This employment discrimination matter is before the Court on defendant's motion for summary judgment to which plaintiff has not responded. On June 19, 2009, the Court issued an Order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), directing plaintiff to respond to defendant's motion by July 17, 2009 and informing plaintiff of the risks of failing to respond. See Order, Dkt. No. 41 (June 19, 2009). Plaintiff still has not responded to defendant's motion, made any request for an extension of time, or made any other filing with the Court in the time since the Court's Order. The Court therefore may treat defendant's motion as conceded. The Court also has considered the substance of defendant's motion and, after careful consideration of the motion, the accompanying exhibits, and the relevant case law and statutes, it has concluded that the motion should be granted on its merits.

---

[1]    The Court has substituted Chairman Mary Schapiro as defendant in place of former Chairman Christopher Cox pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

I. BACKGROUND

*Pro se* plaintiff, Randolph Koch, is a Jewish white male over the age of 40. See Motion for Summary Judgment ("Mot."), Defendant's Statement of Material Facts as to Which There is No Genuine Issue ("Def. Facts") ¶ 2. Plaintiff alleges that he is disabled within the meaning of the Rehabilitation Act. See Complaint ¶ 6. Plaintiff has filed numerous complaints against various of his employers in the United States District Court for the District of Columbia alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Rehabilitation Act, 29 U.S.C. §§ 791, 794, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. on account of his asserted disability, his race, religion, age, and gender. See id. ¶ 7.[2]

At the time of this action plaintiff worked for the United States Securities and Exchange Commission ("SEC") as a financial analyst. He alleges that the SEC discriminated against him and retaliated against him by giving him low performance appraisals and by not enrolling him in its Student Loan Repayment Program. See Compl. ¶¶ 11-17. The loan repayment program was created to attract or retain individuals deemed to be "highly qualified" with respect to certain aspects of the SEC's mission by assisting them in repaying their outstanding federally insured student loans. See Def. Facts ¶¶ 4, 5. On July 30, 2003, plaintiff nominated himself for the loan repayment program and submitted his application to his supervisor, Frank Donaty, for certification. See id. ¶ 3. In order to enroll an employee in the loan repayment program, the employee's supervisor must certify that: (1) the employee is

---

[2] Many of those cases are either currently pending before this Court or previously have been resolved by this Court.

deemed to have "high or unique" qualifications with respect to certain aspects of the SEC's mission; (2) the employee is considered likely to leave the federal government absent enrollment; (3) retention of the employee is "essential." See id. ¶ 6. Mr. Donaty concluded that he could not certify that plaintiff met any of these three requirements, and so he declined to recommend plaintiff for the loan repayment program. See id. ¶ 7.

Mr. Donaty based his decision on plaintiff's performance evaluations from 1998 to 2002, during which time plaintiff received four "Fully Successful" ratings and one "Unsatisfactory" rating. See Def. Facts ¶ 8. The SEC uses a ratings scale that begins at the high end with "Outstanding," followed in decreasing order of performance by "Exceeds Fully Successful," "Fully Successful," "Minimally Successful," and "Unsatisfactory." See id. ¶ 9. When plaintiff received "Fully Successful" ratings, the evaluations also discussed problems with his performance. See id. ¶ 10. Plaintiff never received a rating higher than "Fully Successful" during the prior ten years, and he received one "Minimally Successful" rating during the same time period. See id. ¶ 8. Plaintiff alleges that the SEC discriminated against him and retaliated against him by giving him low performance appraisals and by not enrolling him in the student loan repayment program. See Compl. ¶¶ 11-17.

## II. STANDARD OF REVIEW

Summary judgment may be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v.

Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. Because plaintiff has not responded to defendant's motion, the Court has treated all of the facts identified in defendant's Statement of Material Facts as to Which There is No Genuine Issue as admitted pursuant to Local Civil Rule 7(h)(1). The only question before the Court, therefore, is whether these conceded facts entitle defendant to judgment as a matter of law. See FED. R. CIV. P. 56(c).[3]

### III. DISCUSSION

Plaintiff invokes numerous of the federal statutes that prohibit discrimination in employment. Title VII of the Civil Rights Act prohibits executive agencies from engaging in employment discrimination based on race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-16(a). The Age Discrimination in Employment Act (the "ADEA") provides, in pertinent part, that "[i]t shall be unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

---

[3] That having been said, because plaintiff is proceeding *pro se*, the Court has evaluated his complaint under "less stringent standards than formal pleadings drafted by lawyers." Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520, (1972)); see also Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002). Although plaintiff is proceeding *pro se*, the Court notes that he is an attorney.

4

individual's age." 29 U.S.C. § 623(a)(1). The Rehabilitation Act prohibits, among other things, discrimination on the basis of disability in federal employment. See 29 U.S.C. § 794. These civil rights statutes also all prohibit federal agencies from retaliating against employees for engaging in protected activities. See 42 U.S.C. § 2000e-3(a); 29 U.S.C. §§ 621 et seq.; 29 U.S.C. §§ 701 et seq.; see also Baloch v. Kempthorne, 550 F.3d 1191, 1198 (D.C. Cir. 2008).

Two essential elements are common to discrimination and retaliation claims under Title VII, the ADEA, and the Rehabilitation Act: (1) that plaintiff suffered an adverse action, (2) because of his race, color, religion, sex, national origin, age, disability or prior protected activity. See Baloch v. Kempthorne, 550 F.3d at 1196, 1198.[4] Absent direct evidence of discrimination or retaliation, analysis of such claims under Title VII, the Rehabilitation Act, and the ADEA begins with the familiar McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973); see also Jones v. Bernanke, 557 F.3d 670, 677 (D.C. Cir. 2009); Baloch v. Kempthorne, 550 F.3d at 1197, 1200. Traditionally, within that framework, a plaintiff must first establish a *prima facie* case of discrimination (or retaliation). See Moncada v. Peters, 579 F. Supp. 2d 46, 53 (citing Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1149 (D.C. Cir. 2004)). "Doing so creates a rebuttable presumption of discrimination [or retaliation] and 'triggers the employer's burden to produce admissible evidence that, if believed, would establish that the employer's action was motivated by a legitimate, nondiscriminatory reason.'" Moncada v. Peters, 579 F. Supp. 2d at 53 (quoting Teneyck v. Omni Shoreham Hotel, 365 F.3d at 1151).

---

[4] Actionable adverse actions in the retaliation context "encompass a broader sweep of actions than those in a pure discrimination claim." Baloch v. Kempthorne, 550 F.3d at 1198 n.4.

5

Recently, the United States Court of Appeals for the District of Columbia Circuit clarified that a "district court need not — *and should not* — decide whether the plaintiff actually made out a *prima facie* case under McDonnell Douglas" at the summary judgment stage if the plaintiff "has suffered an adverse employment action, and [the defendant] has asserted a legitimate, non-discriminatory reason for the decision." Brady v. Office of the Sergeant at Arms, 520 F.3d 490, 494 (D.C. Cir. 2008) (emphasis in original).

> Rather . . . in those circumstances, the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of [any statutorily prohibited factors]?

Id. This framework for analysis under Brady "appl[ies] equally to retaliation claims" as it does to discrimination claims. Jones v. Bernanke, 557 F.3d at 678.

Defendant has proffered legitimate non-discriminatory and non-retaliatory reasons for plaintiff's performance reviews and his non-enrollment in the student loan repayment program. See Jones v. Bernanke, 557 F.3d at 677; Baloch v. Kempthorne, 550 F.3d at 1197, 1200.[5] Plaintiff's supervisor, Frank Donaty, explained that the performance reviews cited specific complaints about plaintiff's performance, such as plaintiff's failure to meet deadlines, his inappropriate comments, and his need to improve his analytical skills and awareness of agency developments by working more frequently with other members of the staff. See

---

[5] The Court will assume without deciding that plaintiff's mediocre performance evaluations and the corresponding non-enrollment in the loan repayment program are adverse actions. See Baloch v. Kempthorne, 550 F.3d at 1199 (In the retaliation context "performance reviews typically constitute adverse actions only when attached to financial harms," because only then do they "affect [plaintiff's] position, grade level, salary or promotional opportunities.").

Defendant's Motion for Summary Judgment, Ex. A (Declaration of Frank John Donaty, Jr.) ¶ 7. Mr. Donaty further explained that he based his decision not to enroll plaintiff in the loan repayment program in part on these performance evaluations from 1998 to 2002. See id. ¶ 6. In addition, Mr. Donaty could not certify, as was required by the program, that plaintiff was an employee with high or unique qualifications, who met a special SEC need, and who was likely to leave the SEC if he did not participate in the program or whose retention was essential. See id. ¶ 8.

Finally, Mr. Donaty stated that his decision was not based on either discriminatory or retaliatory reasons related to plaintiff's religion, age, alleged disability, or past protected activity. See Def. Facts ¶ 12.[6] Plaintiff has proffered nothing that would raise a genuine issue of material fact as to whether this explanation is pretextual. The undisputed facts show that defendant did not unlawfully discriminate or retaliate against plaintiff. As a result, the defendant is entitled to judgment as a matter of law.

---

[6] There is no evidence that plaintiff's age was a factor in the decision not to enroll him in the loan repayment program. Plaintiff has not supported his allegation that enrollment in the program is biased against older employees. See Compl. ¶ 17. In fact, the one employee who was enrolled in the repayment program at the relevant time was also over the age of forty, but he had higher performance ratings and qualifications than did plaintiff. See Mot., Memorandum in Support at 7, 15-16.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 23, 2010